## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN ) | |
| COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:2006-147 |
| ) | |
| v. ) | |
| ) | JUDGE GIBSON |
| HOMEOWNERS LOAN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

This case comes before the Court on the Defendant, Homeowners Loan Corporation's (hereinafter "HLC") Motion to Dismiss (Document No. 7) and Brief in Support (Document No. 6). HLC seeks the dismissal of Plaintiff, North American Communications, Inc.'s (hereinafter "NAC") Complaint that seeks damages for breach of contract and declaratory relief under Pennsylvania law. A second motion filed by HLC entitled Motion to Stay Discovery Pending Ruling on Motion to Dismiss or Transfer (Document No. 22) is also before the Court. This matter was removed to this Court on July 3, 2006 from the Court of Common Pleas of Blair County, Pennsylvania. *See* Notice of Removal (Document No. 1). Subject matter jurisdiction is based upon diversity of citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

The present matter arises from a contractual relationship between the parties that has since been terminated. HLC contracted with NAC for NAC to provide mailing services for HLC's mortgage lending business and that contract existed for the period of November 2004 through January 2006. Notice of Removal, Exhibit 3 (Complaint), ¶¶ 7, 9. NAC did not provide any trucking services itself, but subcontracted with a trucking company that, pursuant to HLC's contract, would pick up its mail; the contract language offered a 10 *per centum* discount should more than ten *per centum* of HLC's mail in any month be delivered late. Notice of Removal, Exhibit 3 (Complaint), ¶¶ 10-15. During the course of the contractual relationship, NAC forwarded invoices from the trucking company to HLC for its services performed under the contract "[f]rom December 2004 through July 2005" in the amount of $153,034.77, but HLC refused to remit such a balance claiming such amount to be equal to "trucking credits" to which HLC was entitled pursuant to the contract discount. Notice of Removal, Exhibit 3 (Complaint), ¶¶ 16-24. NAC disputes the fact that HLC can "unilaterally withhold[] [the] trucking credits", and that if the withholding of the amounts is permissible, the credits claimed exceed the possible amount that may be withheld. *Id.* "On January 19, 2006, NAC learned that HLC was ceasing its operations with NAC." Notice of Removal, Exhibit 3 (Complaint), ¶ 25. NAC subsequently invoiced HLC for the amount of $34,246,21, representing outstanding mailing services, but HLC contended that such an invoice was incorrect because unused postage previously paid to NAC in the amount of $175,071.76 had not yet been refunded to HLC. Notice of Removal, Exhibit 3 (Complaint), ¶¶ 26-33. HLC indicated that the trucking credits of $153,034.77 also should apply. Notice of Removal, Exhibit 3 (Complaint), ¶ 31. NAC takes the position that the trucking credits were taken "unilaterally" under the contract, and thus were improper, and indicated to HLC that it would not refund

2

the outstanding postage until the outstanding trucking invoices were first paid by HLC. Notice of Removal, Exhibit 3 (Complaint), ¶¶ 28-33.

The present action was initiated in the Court of Common Pleas of Blair County through the filing of a praecipe for a writ of summons on May 25, 2006 and that court subsequently issued the writ of summons on May 31, 2006; a complaint was later filed on June 15, 2006. Notice of Removal, Exhibits 1, 2, 3.

HLC filed its own complaint on May 31, 2006 in the United States District Court for the Northern District of Georgia. HLC claims not to have known of the Pennsylvania action as of the day it filed its complaint. HLC's Brief (Document No. 6), p. 3. Thereafter, "[o]n June 27, 2006, NAC filed a Motion to Dismiss or, in the Alternative, to Stay the Georgia Action in favor of the Pennsylvania Action" HLC's Brief, p. 4. HLC filed the present Motion to Dismiss or Transfer on July 11, 2006. NAC's motion to dismiss remains pending before the district court for the Northern District of Georgia. HLC's Motion to Stay, ¶ 1. This Court must determine whether to retain jurisdiction over the case *sub judice*, dismiss it or transfer it to the district court in the Northern District of Georgia. The Court will deny HLC's Motion to Dismiss, but grant its alternative Motion to Transfer, and in light of this ruling, the Court will also deny HLC's Motion to Stay as moot.

Generally speaking, NAC claims it was the first to file a civil action on these matters and its choice of forum should be respected, while HLC styles NAC's actions in filing its praecipe for a writ of summons as "anticipatory." HLC's Brief, p. 11. Since 1941, the Court of Appeals for the Third Circuit has recognized the "first-filed rule" which has been summarized by the Third Circuit as follows: "We concluded that '[i]n all cases of federal concurrent jurisdiction, the court which first has possession

3

of the subject must decide it.'" *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d

Cir.1988)(citations omitted). The rule itself promotes efficiency in the judicial system and is flexible:

> The first-filed rule encourages sound judicial administration and promotes comity
> among federal courts of equal rank. It gives a court "the power" to enjoin the subsequent
> prosecution of proceedings involving the same parties and the same issues already
> before another district court. *See Triangle Conduit & Cable Co. v. National Elec.
> Products Corp.,* 125 F.2d 1008, 1009 (3d Cir.), *cert. denied,* 316 U.S. 676, 62 S.Ct.
> 1046, 86 L.Ed. 1750 (1942). That authority, however, is not a mandate directing wooden
> application of the rule without regard to rare or extraordinary circumstances, inequitable
> conduct, bad faith, or forum shopping. District courts have always had discretion to
> retain jurisdiction given appropriate circumstances justifying departure from the first-
> filed rule.

*E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971-972 (3d Cir. 1988)(citations omitted).

Jurisdiction pursuant to the first-filed rule has been refused where the federal court found that an

anticipatory filing was made to avoid "another, less favorable, forum" and also where a later-filed civil

action had progressed to a greater extent than the first-filed action. *E.E.O.C.* at 976. In resolving a

conflict, under the authority of the first-filed rule, between proceedings involving the same parties and

same issues filed in different federal courts possessing "concurrent jurisdiction" judges are granted

discretion, but are guided by the principles of equity "to avoid burdening the federal judiciary and to

prevent the judicial embarrassment of conflicting judgments." *E.E.O.C.* at 977.

The parties attempt to characterize this present matter as either equitable or legal in character

in order to support their respective arguments for the application or inapplication of the "first-filed" rule

as they both read the rule as not applying to legal actions. Specifically, NAC makes much of the

assertion that the "first-filed" rule is inapplicable to claims for declaratory relief rather than legal claims

4

and that its claim is one for a legal claim, *i.e.* breach of contract. HLC characterizes the present civil action as equitable in character. The Court does not agree with NAC's interpretation of *Drugstore-Direct v. The Cartier Div. Of Richemont North America, Inc.*, 350 F.Supp.2d 620 (E.D.Pa. 2004) as precedent for the concept that only claims at law, not claims in equity or declaratory relief actions, that are filed first require the application of the first-filed rule. The Court finds that the first-filed rule applies to all types of actions. *See E.E.O.C.* at 971 (citing *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). Additionally, NAC's reliance on *Drugstore-Direct, Inc.*, which cites the Supreme Court case of *Wilton v. Seven Falls* Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), is misplaced in that it does not stand for the proposition that *all* declaratory actions are within the discretion of this Court to hear, because *Wilton* is based upon the federal Declaratory Judgment Act, not the Pennsylvania act presently before the Court or any other state law regarding declaratory judgments. However, the Court does note that under Pennsylvania's Declaratory Judgments Act Pennsylvania courts certainly do have the discretion to exercise jurisdiction over a declaratory claim. *See Pennsylvania State Lodge, F.O.P. v. Commonwealth of Pennsylvania, Dept. Of Labor and Industry*, 692 A.2d 609, 613 (Pa. Commw. 1997), *aff'd, Pennsylvania State Lodge, F.O.P. v. Commonwealth of Pennsylvania, Dept. Of Labor and Industry*, 707 A.2d 1129 (Pa. 1998).

Despite the legal posturing of the parties concerning the legal or equitable character of the present civil action, both parties are incorrect; the present action is one for both breach of contract and a declaratory judgment under Pennsylvania law. Therefore, the arguments made by the parties that attempt to classify this action as either legal or equitable are unpersuasive to this Court. *Accord, Koresko v. Nationwide Life Ins. Co.*, 403 F.Supp.2d 394, 401 (E.D.Pa. 2005). As stated above, the first-

5

filed rule applies to all civil actions, whether they contain requests for declaratory relief or not.

With this understanding, the Court concludes that the first *federal* court to possess jurisdiction was the Northern District of Georgia, not this Court. It is this Court's understanding that the "first-filed" rule is intended to promote "comity" within the federal courts and discourage conflicting orders among federal courts. *EEOC* at 971, 977. The Court further finds that there was no bad faith, forum shopping or other inequities that occurred with the filing of the Georgia action or the progress of the case *sub judice* that would mandate this Court to retain jurisdiction over this case. Therefore, in applying the first-filed rule to the existing conflict between the case *sub judice* and the Georgia action the Court determines that the United States District Court for the Northern District of Georgia was the first federal district court to possess jurisdiction over this subject matter and therefore jurisdiction is properly in that federal court.[1]

Having determined that the "first-filed" rule applies and that the Georgia federal action is the first filed action, the Court has three possible courses of action with respect to the case *sub judice*:

---

[1]In applying the first-filed rule, the first-filed case is the federal civil action which is first in time, whether by removal or the actual filing of a civil action in federal court. Since the rule the Court follows today is limited to federal district courts, the plaintiff in a state civil action can avoid being the second-filed matter by simply filing a complaint in a federal district court, not a state trial court at the outset. This is particularly notable in that instance where it appears that an abuse of the timing of the filings may occur with a defendant that waits to remove an existing state action in order to file a separate federal action, in a different district court, prior to removing the plaintiff's state civil action. Although this may appear to be an abuse of the rule because one party is controlling timing of two civil actions entry into federal court, it is not an abuse because the plaintiff chose state court jurisdiction over the equally permissible jurisdiction of a federal court and therefore cannot invoke the first-filed rule.

Finally, it would appear to this Court that a defendant in the state action would frequently be disinclined to remove that matter prior to filing its own federal civil action in another districtcourt. Thus, for all practical purposes, the onus is upon the competing parties to file their respective civil actions first in a federal district court in order to invoke the filed-first rule and failure to do so will result in deference to the jurisdiction of the district court obtaining jurisdiction first, absent the application of an exception to the rule. If a federal court found that one of the parties engaged in inequitable conduct, bad faith or forum shopping that court could exercise its discretion to determine jurisdiction without application of the first-filed rule. *See E.E.O.C. v. University of Pennsylvania, supra.*

dismissal without prejudice, staying the present action until completion of the Georgia federal action, or transfer to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). *Koresko*, 403 F.Supp.2d at 403. The Court believes that transfer pursuant to § 1404(a) is the appropriate remedy. This is so because the Court cannot conclude that the other two remedies would promote efficiency in the judiciary as a dismissal without prejudice could result in a re-filing of this matter in the future and a staying of the present action would delay further resolution of this matter.

The Court must evaluate both public and private factors in evaluating a motion to transfer pursuant to § 1404(a):

> The private interests that may be considered include: (1) the plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879 (internal citations omitted). The public interests include: (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80 (internal citations omitted).

*Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, 2004 WL 2755585, *8, 2004 U.S.Dist. LEXIS 24180 at * 29, n. 10 (E.D.Pa. Dec. 1, 2004).

The Court recognizes that HLC's choice of forum is the United States District Court for the Northern District of Georgia while the NAC's choice is this district, that the witnesses, records and other evidence concerning the subject matter of this civil action appear to be spread relatively equally

7

between Georgia and Pennsylvania. The public interests at issue do not appear to favor either forum as either district court would appear to be able to enforce its judgment upon the parties, be competent to apply either of the state laws that could be applicable and no public policies appear to be present that would preclude either court from moving forward with its respective jurisdiction over these matters. Although this Court cannot speak concerning the Northern District of Georgia's docket, it could be at least several months before the case *sub judice* could proceed to trial before this Court. In light of the application of the "first-filed" rule with the Georgia federal action being first-filed, and with the private interests and public interests to be taken into consideration under § 1404(a) not indicating that a transfer to Georgia would be inappropriate, this Court, in order to promote efficiency and prevent conflicting rulings among courts exercises its discretion and chooses to transfer the case *sub judice* to the United States District Court for the Northern District of Georgia rather than granting dismissal or entering a stay.

8

**AND NOW**, this 22nd day of January, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant, Homeowners Loan Corporation's Motion to Dismiss or Transfer (Document No. 6) is DENIED IN PART as to the Motion to Dismiss and GRANTED IN PART as to the Motion to Transfer. IT IS FURTHER ORDERED THAT the case *sub judice* be transferred to the United States District Court for the Northern District of Georgia. IT IS FURTHER ORDERED THAT the Defendant, Homeowners Loan Corporation's Motion to Stay Discovery Pending Ruling on Motion to Dismiss or Transfer (Document No. 22) is DENIED AS MOOT.

        **BY THE COURT:**

        **KIM R. GIBSON,**
        **UNITED STATES DISTRICT COURT**

9